No. 47.—D. N. BURKHALTER, plaintiff in error, *vs.* CORDY BULLOCK, defendant.

[1.] The agent of the plaintiff demanded from the defendant a settlement of the plaintiff's account. The defendant not paying, or offering to pay, the agent the account, replied, that he was willing to leave the matter to the settlement of the agent. To this the agent said nothing. Afterwards, the plaintiff sued the defendant on the account, and proved these facts. The Court, considering that a demand had not been sufficiently proved, non-suited the plaintiff: *Held*, that the Court erred.

Assumpsit. Marion. Tried before Judge WORRILL, March Term, 1856.

David N. Burkhalter brought his action of assumpsit against Cordy Bullock, for money had and received by the defendant whilst acting as the agent of the plaintiff in the sale of certain merchandize in the declaration mentioned.

Upon the trial—

WILLIAM B. WALKER sworn, testified, that Cordy Bullock sold groceries for Burkhalter, for the years 1851 and 1852, in the town of Buena Vista; that said Burkhalter gave to witness certain books which were the books kept by said Bullock as cash books while he was clerking for Burkhalter, and told witness to go to Bullock and demand a settlement from him for the amount due on said books, and to say to Bullock that he did not wish to sue him, but if he did not settle he would sue. Witness took the books and went to Bullock and did as he was directed. Bullock replied he was willing to leave the matter to the settlement of said Walker; asked witness what he thought he owed plaintiff. Witness replied, there was, in his opinion, four or five hundred dollars; and then goes on to state what was said and done in relation to the giving a bond to abide by what Walker should say was the amount due. All which occurred in the spring of 1853.

Witness further stated, that he made the demand afore-

said as plaintiff's agent, and that the books exhibited to him were the same that were admitted by defendant to be the cash books kept by him whilst acting as the agent of plaintiff; that defendant told witness he was employed by plaintiff to sell groceries for him for the years of 1851 and 1852, and was to give him $250 a year.

The books above referred to were then put in evidence, and which charge defendant with the sum of fifty-six hundred and twenty-nine dollars and sixty cents, for groceries sold by defendant.

MARK H. BLANDFORD being sworn, proceeded to testify in relation to a demand made by him upon defendant, for a settlement, &c. at plaintiff's request, when objection was made to his competency. In reply to which witness stated, that at the time referred to he had not been employed by plaintiff as an Attorney at Law in this case; that he was the plaintiff's Attorney generally, in all his cases, and that he made the demand of defendant as plaintiff's agent.

The Court sustained the objection and ordered the testimony withdrawn, and plaintiff excepted.

The defendant then moved to non-suit the case, on the ground that plaintiff had failed to prove a demand before the commencement of the action. And after argument had, the Court sustained the motion and ordered a *non-suit.* To which plaintiff objected.

BLANDFORD & CRAWFORD, for plaintiff in error.

OLIVER & CLEMENTS, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

[1.] We consider the import of Mr. Blandford's statement to be, that he he was not Attorney at Law in this case, at the time when he made the demand. If he was not, the Act of 1850, rendering Attorneys at Law incompetent as witnesses in certain cases, did not apply to him. (*Cobb's Dig.* 280.)

But it seems to us, that without Blandford's testimony, there was enough evidence to prevent a non-suit. The witness, Walker, swears positively that he, as agent of the plaintiff, demanded payment from the defendant. The counter proposition made by the defendant—a proposition to do, not what was demanded of him, but quite another thing—could not nullify the legal effect of this demand. Walker was agent to demand payment and to receive payment—not agent with plenary powers to do with the debt, whatever his principal might have done with it.

Besides, it does not appear that Walker undertook, as agent or otherwise, to accept the proposition.

What was done by Walker certainly afforded the defendant an opportunity to pay the debt without suit; and that is as much as the best demand can do.

So we think there ought to be a new trial.